

# NUMBER 13-09-628-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: ISAAC DUANE WHITE

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Yañez, Benavides, and Vela
### Per Curiam Memorandum Opinion[1]

Relator, Isaac Duane White, pro se, filed a petition for writ of mandamus in the above cause on November 19, 2009, by which he requests this Court to compel the respondent, presiding judge of the 377th District Court in Victoria, Texas, to hold a hearing on his motion for DNA testing in trial court cause number 93-2-15. According to relator, the requested testing is material and will establish his innocence. Relator has not provided this Court with a copy of his motion.

Mandamus relief may be granted if the relator shows that: (1) the act sought to be

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

compelled is purely ministerial; and (2) there is no adequate remedy at law.[2]  The relator

must have a "clear right" to the relief sought and the merits of the relief sought must be

"beyond dispute."[3]  "The requirement of a clear legal right necessitates that the law plainly

describes the duty to be performed such that there is no room for the exercise of

discretion."[4]

To obtain DNA testing under chapter 64 of the code of criminal procedure, several

requirements must be met, including that:  (1) "the evidence . . . still exists and is in a

condition making DNA testing possible"; (2) "identity was or is an issue in the case;" and

(3) "the convicted person establishes by a preponderance of the evidence that . . . the

person would not have been convicted if exculpatory results had been obtained through

DNA testing."[5]  Nothing in article 64.03 requires a hearing of any sort concerning the trial

court's determination of whether a defendant is entitled to DNA testing.[6]

The Court, having examined and fully considered the petition for writ of mandamus,

is of the opinion that relator has not shown himself entitled to the relief sought.

Accordingly, the petition for writ of mandamus is  DENIED.[7]

PER CURIAM

Do not publish.  *See* TEX. R. APP. P. 47.2(b).
Delivered and filed
the 24th day of November, 2009.

---

[2] *See Deleon v. Dist. Clerk*, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding).

[3] *See id.*

[4] *See id.*

[5] *See* TEX. CODE CRIM. PROC. ANN. art. 64.03 (a) (Vernon Supp. 2009).

[6] *See id.*; *Rivera v. State*, 89 S.W.3d 55, 58-59 (Tex. Crim. App. 2002).

[7] *See* TEX. R. APP. P. 52.8(a).